UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KEVIN O'CONNOR,

                Plaintiff,

    -against-

COUNTY OF NASSAU and
NASSAU COUNTY DETECTIVE TAYLOR N.
NARDO AND AGENTS OF THE NASSAU COUNTY
DISTRICT ATTORNEY'S OFFICE,

                Defendant.

Index: 24-CV-02095 (ST)

# PLAINTIFF'S FIRST SET OF DOCUMENT DEMANDS

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff demands that defendants produce Documents and Recordings responsive to the following requests within thirty days of service of this demand. As required by Rule 26(e), the defendants must promptly amend or supplement answers or disclosures within thirty days after additional information or material is acquired, and in no event later than thirty days before trial.

It is required that the defendant parties' answers restate each document request in full before responding to it. It is required that each document request be accorded a separate answer. Each response shall first set forth <u>verbatim</u> the document request to which it is responsive. Requests or subparts thereof shall not be combined for the purpose of supplying a common answer. The answer to a document request or subpart must not be supplied by referring to the answer to another request for Documents unless the request for Documents or subpart referred to supplies a complete and accurate answer to the request for Documents or subpart being answered.

It is further required that all Documents produced appear in the form, order, and condition that they are in on the day that these document requests are served, including all comments, notes, remarks, or other materials which may have been added to Documents subsequent to their initial

1

preparation. Documents and Recordings that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form. Documents and Recordings not otherwise responsive to a request shall be produced if such Documents and Recordings refer to, relate to, or explain the Documents and Recordings called for in this Request, or if such Documents and Recordings are attached to Documents and Recordings called for in this Request and constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar Documents and Recordings.

All Documents and Recordings requests are to be read in favor of production such that if an ambiguity exists in the requests, you are to read the request expansively and produce any document responsive to the most expansive objectively reasonable reading of the request. Unless specified otherwise in the specific document request below, the request is made without limitation as to the date the document was created. All requests are continuing in nature such that should you at any time prior to the entry of a final Judgment in the above-captioned case come into the possession or control of any document responsive to this Request or discover the existence of any document responsive to this Request not previously produced, you are required to produce that document within 30 days or if it is not more than 30 days prior to the commencement of trial in this matter, immediately.

If Documents and Recordings are not in your possession but within your control, you are required to comply with the definition and instructions for "control" below. If you object to any request on the grounds of privilege or work product, your response must identify the nature of the responsive information and specify the claimed privilege or work product protection and the basis for the claim in a log, consistent with Rule 26(b)(5).

If you are aware of any document that would otherwise be responsive to this Request and was at one time in your possession or in your control, but is no longer in your possession or control, identify the nature of the responsive information, when the information ceased being in your possession or control, and whether or not you believe the document or a copy thereof still exists. If you believe such a document no longer exists, state the circumstances of its destruction or deletion. If you believe such a document or copy thereof does exist, identify the party or parties whom you believe have the document or a copy thereof in their possession or control.

## DEFINITIONS

The following definitions and principles shall be deemed to have the meaning set forth herein, and are incorporated herein and throughout this and each succeeding set of discovery requests, if any, as though fully set forth at length, unless expressly stated to the contrary.

    a. "Document" shall refer to each and every writing, of whatever nature, whether an original, a draft, or a copy, however produced, reproduced, or stored, whether manually, mechanically electronically, electromagnetically or otherwise, and each and every tangible thing from which information can be processed or transcribed. "Document" includes all drafts and versions, whether or not identical with the final document, and also includes all copies which are not identical with the original, whether or not different because of notes made on or attached to such copy or otherwise. "Document" includes, but is not limited to, reports, transcripts, affidavits, filings, letters, telegrams, facsimiles, contracts, agreements, memoranda, receipts, calendars, diaries, appointment books, personal files, telephone messages and message logs, notes, schedules, work sheets, books, pamphlets, summaries,

proposals photographs, ledgers, statements, files, invoices, billing summaries, billing information, notebooks, checks, records of wire transfers or cash payments, charts, graphs, research materials, prospectuses, computer printouts, computer-generated writings, or any similar items.

b. "Recording" shall refer to any tangible, written or non-written forms of expression in your possession, custody or control, including partial, preliminary and completed versions, however created, produced or stored, whether electronically, electromagnetically or otherwise, including, but not limited to, tape recordings, video recordings, magnetic tapes, disks, diskettes, disk packs, and other electronic media, microfilm, and storage devices, or any similar item.

c. The term "communication" shall include Documents and Recordings and any oral statements made or transmitted by any person.

d. The term "person" shall refer to any natural person or persons, and any firm, corporation, association, partnership, or any other form of legal entity, unless expressly stated otherwise.

e. The term "you" refers to the party to whom these demands are propounded, its agents, employees, representatives, and attorneys, and those employed by its attorneys.

f. "Control" shall be defined so as to apply to any document, if you have the right to secure the document or a copy thereof from another person or public or private

entity having actual possession thereof. If a document is responsive to a request for identification or production and is in your control, but is not in your possession or custody, identity the person in possession or custody. If any document was, but is no longer, in your possession or subject to your control, state what disposition was made of it, by whom, and the date or dates or approximate date or dates on which such disposition was made, and why.

g. Where the term "identify" is used in reference to an individual or person, it includes the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. In reference to a document or writing, the term "identify" calls for a description of the type of document or writing, its general subject matter, the date it bears, the author, the present or last known location, the date of transfer, and the custodian, including the same identifying information for the custodian as required for all "persons" as set forth in this paragraph above.

h. The term "relating to," as used herein, means referring to, discussing, describing, mentioning, noting, studying, reflecting, evaluating, analyzing or being relevant to in any way.

i. The "NCPD" means the Nassau County Police Department.

j. The "County" means the defendant County of Nassau, as well as its principles, agents, or employees.

k. "Individual Defendants" means Taylor N. Nardo and agents of the Nassau County Police Department.

l. When these demands refer to Plaintiff's "apprehension," it is referring to the incident occurring on June 1, 2023 through which Plaintiff alleges that he was the victim of false arrest.

## REQUESTS FOR PRODUCTION

1. Produce any and all Documents and Recordings pertaining to the investigation into Plaintiff for the charges described in Plaintiff's Complaint, including but not limited to the following:

a. The complete investigative file(s) of any and all agencies within the County, reproduced in its original form with cover and index sheets;

b. Any statements of, notes concerning, discussions with, or reports about potential witnesses, witnesses, or suspects (this demand seeks records whether oral, audio, taped, or written);

c. Any Documents and Recordings reflecting actions taken by any County officers;

d. Any Documents and Recordings reflecting investigation of any and all suspects;

e. Any Documents and Recordings or audio or video recordings as well as notes, memoranda, and reports relating to discussions, interrogations, or interviews with, or statements taken from, any witnesses, potential witnesses, informants, or suspects at any time in the investigation, whether or not under oath, and including polygraph tests, data, and results;

f. Evidence logs, evidence vouchers, and chain of custody Documents and Recordings; wiretaps; probable cause affidavits; arrest warrants; signed waivers; photographs, including true

and accurate (color) copies of photographic arrays and photopacks in the form displayed to witnesses; identification procedures; medical examinations and reports; investigative reports and supplements; interdepartmental memoranda; and news reports;

g. Memo books, notebooks and notes from all investigating officers, identified by officer name and shield number;

h. Any and all reports, notes, memoranda, and communications with or by local police departments;

i. Any and all communications between the County and any other law enforcement agency, division, or office;

j. Any and all communications, including radio communications and transmissions, concerning the investigation or arrest of Plaintiff;

k. Any Documents and Recordings shared between the County and any other law enforcement agency or legal agency concerning the investigation into Plaintiff, including but not limited to e-mails, text messages, social media posts, letters, Documents and Recordings, transcripts, interview notes, witness statements, photographs, reports, test results, etcetera;

l. Any Documents and Recordings shared among agents of the County concerning the investigation into Plaintiff, including but not limited to e-mails, text messages, social media posts, letters, etcetera.

2. With respect to the investigation of the Plaintiff leading to the charges described in the Plaintiff's Complaint, produce any and all Documents and Recordings pertaining to any of the Individual Defendants, including but not limited to the following:

a. All Documents and Recordings reflecting communications, meetings, interviews, or contact of any kind with any experts who assisted in the investigation or prosecution, whether audio or videotaped, handwritten or typed, and dates thereof;

b. All Documents and Recordings reflecting communications, meetings, interviews, or contact of any kind with any claimed witnesses to the incident giving rise to the charges described in Plaintiff's Complaint, whether audio or videotaped, handwritten or typed, and dates thereof;

c. The personnel files of all of the Individual Defendants.

d. The names of all officers involved in the arrest, supervision, paperwork, fingerprinting, and detention of Plaintiff, including all officers who interacted with Plaintiff while he was in police custody.

3. Copies of all Documents and Recordings that the Defendants contend demonstrated probable cause to arrest the Plaintiff for the charges described in Plaintiff's Complaint.

4. Copies of all subpoenas drafted, issued or sought by any of the Defendants in connection with the investigation related to Plaintiff's arrest.

5. Documents and Recordings sufficient to identify the cell phone numbers for the Individual Defendants at any time from three years prior to the Plaintiff's arrest through the present.

6. Copies of any civilian complaints against any of the Individual Defendants, irrespective of whether the complaint(s) were substantiated;

7. All Documents and Recordings relating to any internal allegations, complaints, or investigations of misconduct related to any of the Individual Defendants.

8. All Documents and Recordings concerning civil or criminal actions involving misconduct allegations against any of the Individual Defendants including, without limitation,

notes, depositions, reports, pleadings, correspondence, findings, decisions, settlements, and Documents and Recordings concerning the removal of these defendants from any civil or criminal lawsuit.

9. All Documents and Recordings, from any source, concerning allegations of misconduct by any of the Individual Defendants.

10. All requests for leave of absence, disability, or early retirement by any of the Individual Defendants.

11. All requests by any of the Individual Defendants for authorization to engage in employment outside of the County.

12. Any and all Documents and Recordings relating to awards, decorations, or positive citations bestowed for any positive acts or qualities of any of the Individual Defendants.

13. Produce any and all Documents and Recordings concerning training by the County, from three years prior to Plaintiff's arrest through the date of such arrest, pertaining to policies, practices, customs, or procedures concerning:

    a. the investigation of a potential crime scene;

    b. the taking of photographs or video recordings of potential evidence of a crime; or

    c. the taking of statements from witnesses.

14. Produce any and all Documents and Recordings concerning training (whether internal or external) received by the Individual Defendants, from three years prior to Plaintiff's arrest to one year after such arrest, with respect to the following categories:

    a. Conducting criminal investigations;

    b. Documenting investigative work and suspect and witness statements;

    c. Interrogating or interviewing suspects and witnesses;

d. The right to counsel;

e. Offering promises, rewards, or inducements to witnesses or suspects;

f. Coercing, threatening, pressuring, or intimidating witnesses or suspects;

g. Disclosing exculpatory and impeachment information to defendants pursuant to <u>Brady v. Maryland</u>, <u>Giglio v. United States</u>, and their progeny.

15. Produce any and all grand jury materials or transcripts pertaining to the charges forming the basis of this action as described in Plaintiff's Complaint.

16. To the extent not otherwise requested above, produce any and all Documents and Recordings pertaining to the District Attorney's files with regard to the prosecution of Plaintiff.

17. To the extent not otherwise requested above, produce any and all Documents and Recordings that constitute(d) *Brady* material in connection with the criminal action brought against Plaintiff.

18. Copies of all records of investigations into any other suspects for the crime(s) for which Plaintiff was ultimately charged as described in Plaintiff's Complaint.

19. Produce any and all Documents and Recordings concerning any policy and/or decision by the County to indemnify or refuse to indemnify any of the Individual Defendants.

21. Produce any and all insurance policies in the County's name, including all policies covering the County and its employees, whether or not you believe the policy to cover the acts and omissions alleged in this lawsuit.

Plaintiff reserves the right to supplement and amend the foregoing requests for production of Documents and Recordings; and, in addition, he reserves the right to utilize other discovery mechanisms available to him.

Dated: November 7, 2024
      Garden City, New York

                                      **BARKET EPSTEIN KEARON ALDEA**
                                      **& LOTURCO, LLP**

                                      *Aida F. Leisenring*
                                      Aida Ferrer Leisenring, Esq.
                                      666 Old Country Road, Suite 700
                                      Garden City, New York 11530
                                      (516) 745-1500