

666 OLD COUNTRY ROAD, SUITE 700
GARDEN CITY, NEW YORK 11530
516.745.1500 • [F] 516.745.1245
WWW.BARKETEPSTEIN.COM

ADDITIONAL OFFICES:
EMPIRE STATE BUILDING, NY, NEW YORK
HUNTINGTON, NEW YORK
ALL MAIL TO GARDEN CITY ADDRESS

September 17, 2025

Hon. Steven L. Tiscione, U.S.M.J.
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

    Re:    Kevin O'Connor v. County of Nassau
             24-cv-02095-MKB-ST

Dear Judge Tiscione,

    This office represents the plaintiff, Kevin O'Connor, and we are writing because of our continued inability to secure the cooperation of defense counsel in pushing this case through discovery. For these reasons, set forth more fully below, we respectfully request an order compelling Nassau County to produce outstanding records and for the limited sanction of a 45-day extension of the fact discovery deadline solely for the benefit of Plaintiff to complete outstanding discovery in this action.

    As background, and as the Court will recall, Nassau County was initially represented here by Ralph Reissman; Mr. Reissman was replaced by Victoria LaGreca; and now Ms. LaGreca has been replaced by attorney Matthew Kloppman. Meanwhile, basic discovery demands remain unfulfilled, including, *inter alia*, our request for the production of written and oral communications by or with Detective Nardo concerning our client's criminal case (*see e.g.,* Exhibit A at ¶¶1(b), (c), (d), (h), (j), (k), (l))—a set of materials that we know exists, because, at a minimum, Detective Nardo had written communications with members of this office.

    The history of our attempts to get these records has been tortured:

- We interposed these document demands nearly a year ago, last November, and we still do not have them.

- We attended a teleconference with the Court on July 11, 2025, when Ms. LaGreca was absent and required the last-minute substitution of a colleague.

- She then applied for and obtained an extension of the discovery deadline to September 18, 2025—after which we scheduled the deposition of Detective Nardo to occur in mid-August. Weeks before the deposition, we requested the communications in issue again on July 30, 2025. *See* Exhibit B.

- With no production, we asked for the materials once again on August 11, 2025—our third request—indicating that we needed these communications before taking the examination. *Id*.

- We then received a production of materials on August 12, 2025—which was missing the communications in issue, as we noted in yet another request on August 13, 2025. *Id*.

- In a showing of good faith, despite our repeated requests for the production of these materials before Nardo's deposition, we proceeded with the examination without them.

- With the discovery deadline looming and further documents needed as raised with counsel during Detective Nardo's examination, we learned with no advanced warning that Ms. LaGreca was no longer with the Nassau County Attorney's Office.

- On September 12, 2025, we contacted substitute counsel. In that email we proposed that Nassau Count request an extension of the discovery deadline in light of Ms. LaGreca's departure, and—once again, for a fifth time—we inquired about the status of the missing discovery. *See* Exhibit C. We received no response.

- On September 16, 2025, we wrote yet another email about this subject simply to follow up (*id*.)—forwarding the e-mail to Mr. Kloppman's personal email address as well, just in case. We received no response again.

Under Rule 37 of the Federal Rules of Civil Procedure, a party may move for an order compelling an answer, ... production, or inspection ... if ... a party fails to produce documents ... as requested under Rule 34. *See* FRCP 37(a)(3)(B). In turn, such a party may move for sanctions when the adversary, "being properly served with … a request for inspection under Rule 34, fails to serve its answers, objections, or written response." *See* FRCP 37(d)(1). In granting such relief, "the district court has wide discretion in issuing 'just' sanctions...." *Yoon v. Jamaica French Cleaners, Inc.*, 2014 WL 4199723, at *2 (E.D.N.Y. 2014); *Integrity Electronics, Inc. v. Garden State Distributors, Inc.*, 2012 WL 1041349, at *1 (E.D.N.Y. 2012) ("the text of Rule 37 requires only that the Court's orders be 'just'").

   Here, we have made repeated and good faith efforts to resolve this problem to no avail, and, without relief, the defense will benefit from their own delays as the discovery deadline is nearly upon us. The relief we request is narrowly tailored to move the case forward and to allow Mr. O'Connor to obtain discovery to which he is entitled, while, at the same time, it will impose a limited sanction on the defense for the delays occasioned by their behavior. An order compelling production of the materials in issue, and a brief extension of time to complete discovery to the extent requested by Plaintiff, is a just resolution warranted by Rule 37.

   If acceptable to the Court, the new deadline for the completion of Plaintiff's discovery would be November 3, 2025; expert reports (if any) would be due October 7, 2025; expert depositions (if any) would be due December 4, 2025; and all discovery would close on December 5, 2025.

   Thank you for your consideration.

                Sincerely,

                /s/ *Alexander Klein*
                Alexander Klein, Esq.